UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RICHARD H. KOSINSKI,

        Plaintiff,
v.

CONNECTICUT STATE DEPARTMENT
OF EDUCATION; and in their individual and
official capacities, RONALD HARRIS,
REGINA HOPKINS, and GAIL MANGS,

        Defendants.

3:10-CV-0805 (CSH)

## ORDER AND MEMORANDUM ON
## DEFENDANTS' MOTIONS TO DISMISS AND FOR PARTIAL STAY OF DISCOVERY

HAIGHT, Senior District Judge:

      Plaintiff Richard H. Kosinski brought this action against defendant State Department of Education ("Department of Education" or "Department") and individual Defendants Ronald Harris, Regina Hopkins, and Gail Mangs (collectively, "Defendants"), alleging various constitutional and statutory violations stemming from Defendants' failure to interview or hire Plaintiff for a for a position with the Department. *See* Plaintiff's Amended Complaint ("AC"). [Doc. #23]. Defendants have moved to dismiss the amended Counts 2, 3, 4, and 5. [Doc. #24]. For the following reasons, Defendants' motion to dismiss is **GRANTED**. The individual Defendants' motion to stay all written discovery until this court has ruled on the Defendants' pending motion to dismiss is **DENIED** as moot. [Doc. #32.] Further, Defendants' initial motion to dismiss is also **DENIED** as moot.[1] [Doc.

---

[1] Defendants filed their first motion to dismiss on July 13, 2010. Subsequently, the Plaintiff filed an amended complaint on August 5, 2010, and the Defendants filed an updated motion to dismiss the following day, mooting their first motion to dismiss.

#14.]

I. **Background**

Plaintiff sought a position with the Department of Education as an Impartial Hearing Officer in the fall of 2008. AC at ¶ 22. He submitted an application to the Department but was not selected to interview for the position. *Id.* at ¶ 39. Plaintiff alleges that he was "equally or more qualified than the other applicants" and was discriminated against based on his "race, color, sex, age, national origin or ancestry." *Id.* at ¶¶ 47, 57. Before filing suit he properly filed complaints with both the Equal Employment Opportunity Commission and the Connecticut Commission on Human Rights and Employment Opportunities and received the appropriate releases of jurisdiction from both agencies. *See* Exhibits to AC. [Doc. #27.]

Plaintiff filed this lawsuit against the Department of Education and the three Department officers, sued in their individual and official capacities. Plaintiff alleges: (1) unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended; (2) unlawful employment discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended; (3) unlawful employment discrimination in violation of the Connecticut Fair Employment Practices Act; (4) unlawful deprivations of his rights of due process under the Fourteenth Amendment to the U.S. Constitution; and (5) unlawful conspiracy to violate his rights in violation of 42 U.S.C. § 1985. Defendants move to dismiss counts Two, Three, Four, and Five, arguing that the Court lacks subject-matter jurisdiction over the claims or that the Plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)1; 12(b)(6).[2]

---

[2] Defendants do not move to dismiss Count One.

## II. Standard of Review

### A. Lack of Subject-Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *accord Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996). It is generally the plaintiff's burden to prove by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113; *Aurecchione v. Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir.2005).

### B. Failure to State a Claim

The standard of review on a motion to dismiss under Rule 12(b)(6) is a familiar one. A motion to dismiss under Rule 12(b)(6) must be decided on "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and [ ] matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (citation omitted). Facing a 12(b)(6) motion, all complaints must be construed liberally. *See Rescuecom Corp. v. Google, Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

In deciding a motion to dismiss, well-pleaded facts must be accepted as true and considered in the light most favorable to the Plaintiff. *Patane v. Clark,* 508 F.3d 106, 111 (2d Cir. 2007). The factual allegations made in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). This requires the complaint to contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's claim. *Id.* at 556. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face. A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (citing *Twombly;* internal quotation marks omitted; emphasis added). The Supreme Court distinguishes between factual content and conclusory allegations, stating that when "bare assertions . . . amount to nothing more than a formulaic recitation of the elements" of a claim, then "the allegations are conclusory and not entitled to be assumed true." *Id.* at 1951 (citing *Twombly;* internal quotation marks omitted). The Court has said that "[d]etermining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In sum, the Court's focus on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is "not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995).

### III. Discussion

#### A. Counts Two & Three—Eleventh Amendment Immunity

Counts 2 and 3 of the Amended Complaint allege that the State Department of Education violated, respectively, the Age Discrimination in Employment Act of 1967 ("ADEA") , 29 U.S.C. § 621 *et seq.*, and the Connecticut Fair Employment Practice Act ("CFPEA"), CONN. GEN. STAT. § 46a-58 *et seq.* Because the State Department of Education is entitled to immunity in this Court under the Eleventh Amendment on both the federal and state claims, Counts Two and Three against the Department are dismissed for lack of subject-matter jurisdiction.

As interpreted by the Supreme Court and Second Circuit, the Eleventh Amendment "bar[s]

federal jurisdiction over suits against the states, unless a state has expressly waived immunity or Congress authorizes such a suit through Section Five of the Fourteenth Amendment." *Pham v. State of Conn. Dep' Children & Families*, No. 3:09-cv-1869, 2010 U.S. Dist. LEXIS 109781, at *4 (D. Conn. Oct. 15, 2010) (citing *Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 73, 87-90 (2000)); *see In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("The Eleventh Amendment effectively places suits by private parties against states outside the ambit of Article III of the Constitution.") (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). Eleventh Amendment immunity also applies to state agencies. "A claim against a state agency is considered a claim against the state and implicates the Eleventh Amendment because the state is a 'real, substantial party in interest.'" *Mulero v. Conn.*, 253 F.R.D. 33, 37 (D. Conn. 2008) (recognizing that Eleventh Amendment bars suits against the Connecticut State Department of Education as a state agency) (quoting *Pennhurst State Sch. & Hosp. V. Halderman*, 465 U.S. 89, 106 (1984)). Plaintiff recognizes that the Department of Education is a "public agency of the State of Connecticut" in the Amended Complaint. AC at ¶ 2. Therefore, Plaintiff's claims against the Department of Education may only go forward if the claims are either explicitly authorized by Congress or waived by the state.

    **1. ADEA**

It is well-settled that the ADEA does not abrogate a state's Eleventh Amendment immunity. *Kimel*, 528 U.S. at 91 (holding that Congress had exceeded it's authority under Section Five in attempting to abrogate state immunity in the ADEA); *see also McGinty v. New York*, 251 F.3d 84 (2d Cir. 2001) (following *Kimel*); *Pham*, 2010 U.S. Dist. LEXIS at *4 (following *Kimel*). Thus, an ADEA suit may only be brought against the Department of Education if Connecticut has consented to be sued. Plaintiff has not argued that the state has waived its immunity nor presented any reason

to think the state has waived its immunity to suit under the ADEA. While the Defendants do not explicitly argue that Connecticut has not waived its immunity, their argument that the ADEA claim is barred by the Eleventh Amendment in this case implicitly denies that Connecticut has waived its immunity. Nonetheless, as noted above, it is the Plaintiff's burden to demonstrate that this Court has subject-matter jurisdiction, and he has failed to even attempt to do so.[3] *See Makarova*, 201 F.3d at 113.

### 2. CFEPA

Because the CFEPA is a creation of Connecticut law, there is no question of whether Congress authorized the abrogation of state immunity only of waiver. While Connecticut has waived its immunity to suit for claims under the CFEPA, that waiver only applies to suits brought in state court. Section 46a-100 states:

> Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82 and who has obtained a release from the commission in accordance with section 46a-83a or 46a-101, **may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred** or in which the respondent transacts business, except any action involving a state agency or official may be brought in the superior court for the judicial district of Hartford.

Conn. Gen. Stat. § 46a-100 (emphasis added). "A state does not consent to suit in federal court by consenting to suit in the courts of its own creation." *Smith v. Reeves*, 178 U.S. 436, 441-445 (1900). It is well-established that the federal courts do not have jurisdiction to hear suits against state agencies under the CFEPA. *See, e.g., Wagner v. State of Conn. Dep't of Corr.*, 599 F. Supp. 2d 229

---

[3] Instead, Plaintiff makes a frontal assault on the underlying merits of the Supreme Court's Eleventh Amendment jurisprudence. The particulars of Plaintiff's criticisms are irrelevant because this Court has no authority to overrule binding Supreme Court precedent.

(D. Conn. 2009); *Vaden v. State of Conn. Dep't of Corr.*, 557 F. Supp. 2d 279 (D. Conn. 2008); *Walker v. State of Connecticut*, 106 F. Supp. 2d 364 (D. Conn. 2000).

Plaintiff acknowledges the precedents above, but argues that a recent decision in the Connecticut Supreme Court, *Lyons v. Jones*, 291 Conn. 385 (2009), gives this Court cause to reconsider whether Connecticut has waived its immunity to suit in federal court under the CFEPA. However, Plaintiff's reliance on *Lyons* is misplaced because the opinion does not support the position that Connecticut has waived its immunity to suit under the CFEPA in federal court. *Lyons* concerns Connecticut's waiver of sovereign immunity in state court by section 46a-100. The opinion does not discuss federal court jurisdiction. Given section 46a-100's explicit reference to the *superior courts* of the state, this Court has no difficulty in following the cited appellate cases holding that the Eleventh Amendment bars suits in federal courts against Connecticut asserting claims under the CFEPA. Indeed, I have no authority to do other than follow those cases.

### B.     Count Four—Section 1983 Claims

To proceed with his section 1983 claim, Plaintiff must allege (a) that some person has deprived him of a federal right; and (b) that the person who deprived him of that right acted under color of state law. *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005). The Due Process Clause of the Fourteenth Amendment requires a person be afforded a due process procedure—often a hearing before a neutral adjudicator—before being deprived of a constitutionally protected liberty or property interest. *Loris v. Moore*, 2008 U.S. Dist. LEXIS 63560 at *40 (D. Conn. 2008) (citations omitted). "Thus, in order to sustain an action for deprivation of property without due process of law, a plaintiff must identify a property or liberty interest, and show that the state actor has deprived plaintiff of that interest without due process." *Id*. at *40-41.

Plaintiff's fourth count alleges that the individual Defendants deprived him of two distinct constitutionally protected interests: (1) his liberty interest "in pursuit of his avocation as an adjudicator, commissioner, fact-finder, arbitrator and hearing officer," and (2) his property interest in "the office of Impartial Hearing Officer and the income therefrom, and in his professional reputation and reputation in his community," in violation of the Fourteenth Amendment. AC at ¶¶ 65, 66 (Fourth Count). As a threshold matter, this Court must determine whether the Plaintiff has identified any cognizable interests—either a legitimate liberty or property interest.

   **1.    Liberty Interest**

Plaintiff alleges that he has a liberty interest in "the pursuit of his avocation as an adjudicator, commissioner, fact-finder, arbitrator and hearing officer." AC at ¶ 65. The Due Process Clause of the Fourteenth Amendment does indeed protect an individual's liberty to engage in an occupation, but it does not grant a liberty interest in any particular employment position. *Bd. of Regents v. Roth*, 408 U.S. 564, 572-5 (1972) ("It stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another."). A decision not to hire does not implicate Plaintiff's liberty interest unless that decision "effectively prohibits [him] from engaging in a profession, or pursuing any job in a given field that there is a deprivation entitled to protection." *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 169 (E.D.N.Y. 2009).

Plaintiff alleges that the Defendants' "refusal to even interview Plaintiff clearly adversely affect[ed] his good name, reputation and honor in the pursuit of his avocation . . . ." Pl. Opp. to Motion to Dismiss ("Pl. Opp.") at 5. This allegation is governed by the stigma-plus doctrine. *O'Connor v. Piersen*, 426 F.3d 187, 195 (2d Cir. 2005) (identifying a claim that the plaintiff's

liberty interest in his reputation was infringed by the defendants' conduct as a stigma-plus claim). Under the stigma-plus doctrine, Plaintiff must proves two things: (1) some action by the Defendants' imposed a tangible and material burden; and (2) utterance of a false statement that damaged his reputation in connection with the burdensome action. *Id.*

Plaintiff does not allege that any of the Defendants made any false utterances. Instead, Plaintiff argues that "[t]here is no logical basis for the need for a bad act plus. The bad act itself can do the damage to 'a person's good name, reputation' and honor." *Pl. Opp.* at 5. That is, Plaintiff asks this Court to reject controlling Circuit precedent. I cannot do this. The Second Circuit has explicitly adopted the stigma-plus doctrine, and this Court is not free to disregard their decisions. *See O'Connor*, 426 F.3d at 195-96. Thus, because the Plaintiff does not allege a false statement by the Defendants, he cannot satisfy the required elements of a stigma-plus claim, which is necessary to implicate a liberty interest in his claim.

### 2. Property Interest

Plaintiff also alleges that he has a property interest "in the appointment to the office of Impartial Hearing Officer." Pl. Opp. at 4. The Defendants argue that Plaintiff does not have a property interest in position for which he was not even interviewed, much less hired. Def. Mem. at 8. Defendants characterize Plaintiff's interest as simply a "unilateral expectation of potential employment." *Id.* Defendant in effect concedes the accuracy of this characterization when he writes "[t]he fact that this is a failure to hire rather than a termination case does not affect Plaintiff's property interest." Pl. Opp. at 4.

"In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship without

cause." *S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 967 (2d Cir. 1988). Therefore, before one can develop a property interest in employment, one must—at a minimum—be employed. *See Walker v. Daines*, 2009 U.S. Dist. LEXIS 62289, at *27 (E.D.N.Y. 2009) (holding that even "temporary or at-will employee[s] [have] no property interest in [their] employment, and thus may not invoke the protections of the Due Process Clause."). Job applicants cannot have a property interest in their prospective employment. *Coogan v. Smyers*, 134 F.3d 479, 487 (2d Cir. 1998) (holding that a prospective employee "had no property right or entitlement to the position").

Because Plaintiff does not have a constitutionally protected liberty or property interest in prospective employment with the Department as a Impartial Hearing Officer, he cannot sustain a claim against the Department under Section 1983 for violating the Due Process Clause. Count Four is therefore dismissed.

### C. Count Five—Conspiracy Claim

Plaintiff alleges that the individual defendants conspired to deprive plaintiff of his right to "due process and the equal protection, privileges and immunities of the laws" in violation of 42 U.S.C. § 1985. AC at 10. Section 1985(3) prohibits persons from conspiring to deprive another person of their civil rights. To bring a claim, plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (citation omitted).

However, as the Defendants correctly note, a Section 1985(3) claim must be premised on an

underlying violation of the Constitution. *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990) (holding that "in order to state a claim under § 1985(3) a complaint must allege, *inter alia*, that the defendants who allegedly conspired sought, with discriminatory intent, to deprive the plaintiff of a right covered by the Constitution or other laws.") (citations omitted) *see, e.g., Myers v. Twp. of Trumbull*, 2004 U.S. Dist. LEXIS 7240, at *6 (D. Conn. 2004) ("Plaintiffs' § 1985(3) conspiracy claim will fail unless they can prove a violation of a substantive right."). Because the Court has dismissed Plaintiff's constitutional claims in Count Four, Plaintiff's Section 1985 claim must also be dismissed.

## IV. Conclusion

For the foregoing reasons, Defendants' amended motion to dismiss is **GRANTED**, and Counts Two, Three, Four, and Five are dismissed with prejudice. The individual Defendants' motion for a partial stay of discovery until this court has ruled on the Defendants' pending motion to dismiss is **DENIED** as moot because the individual defendants are no longer defendants in this suit.[4] Further, Defendants' initial motion to dismiss is also **DENIED** as moot since it is was superseded by the present motion to dismiss.

The current scheduling order for Count One, which is still applicable, remains: discovery is due by April 15, 2011; dispositive motions are due June 1, 2011; the joint trial memorandum is due by July 1, 2011 or thirty days after a ruling on any dispositive motions; and the case shall be trial ready by August 1, 2011 or thirty days after filing the joint trial memorandum.

---

[4] There is no personal liability for Plaintiff's claim of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, in Count One. *See, e.g., Chylinski v. Bank of Am., N.A.,* 2008 U.S. Dist. LEXIS 83598, at *4 (D. Conn. 2008).

It is SO ORDERED.

Dated: New Haven, Connecticut
March 24, 2011

          /s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge